UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | | |
|---|---|---|
| LANCE E. GUNNIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-96-P-0760-S |
| | ) | |
| CITY OF BIRMINGHAM and | ) | |
| DIRECTOR, DEPARTMENT OF | ) | |
| PUBLIC SAFETY, STATE | ) | |
| OF ALABAMA | ) | |
| Defendants. | ) | |

ENTERED

APR 2 2 1997

## OPINION

Director, Department of Public Safety, State of Alabama, filed a Motion to Reconsider partial denial of summary judgment. The Director argues that due process does not require the Department of Public Safety to provide a hearing before a mandatory license revocation and that he is entitled to immunity. The Director's motion is due to be granted to the following extent. The court's December 16, 1996 opinion is clarified as follows.

*Bell v. Burson*, 402 U.S. 535 (1971), requires notice of and opportunity for an appropriate pre-deprivation hearing before suspension of a license. *Id.* at 540-42. *Rader v. Dothard*, 434 F. Supp. 688 (N.D. Ala. 1977), holds that the state does not need to provide the plaintiff with an additional hearing when the plaintiff has been provided notice of and opportunity for a hearing at the municipal level. *Id.* at 690. Here, however, the plaintiff alleges that he was not provided notice of and opportunity for a hearing at the municipal level, and he has produced evidence that can be construed to have notified the Director of that lack. Because there is a dispute of fact over whether the plaintiff notified the Director that he was not given notice of and opportunity for a hearing at the municipal level, the Director is due to be denied summary judgment on these grounds.

The Director is not being sued in his individual capacity. To the extent that the plaintiff is bringing a cause of action under § 1983, the Director is due to be granted summary judgment on the plaintiff's claims for retrospective or monetary relief because he is not a person subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). To the extent that the plaintiff is bringing a cause of action directly under the Fourteenth Amendment, the Director is due to be granted summary judgment on the plaintiff's claims for retrospective or monetary relief because the suit is barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1978). However, under both § 1983 and the Fourteenth Amendment, the Director can be sued in his official capacity for prospective injunctive relief. *Will*, 491 U.S. at 71 n.10; *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, the Director is not due to be granted summary judgment as to the plaintiff's claims for prospective injunctive relief. Because qualified immunity does not protect officials from suits for injunctive relief, *Fortner v. A.G. Thomas*, 983 F.2d 1024, 1029 (11th Cir. 1993), it is not necessary to address whether the Director is entitled to qualified immunity.

Dated: April 2/, 1996

                                                      Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Lance E. Gunnin
    Mr. Demetrius C. Newton
    Ms. Lisa Huggins
    Mr. Gary Tucker